# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ELOY JOHNSON, | Case No.: 1:17-cv-01280-JLT (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR FAILURE TO EXHAUST |
| v. | |
| ANDRE MATEVOUSIAN, Warden, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| Respondent. | [FOURTEEN DAY DEADLINE] |

On September 21, 2017, Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Sacramento Division of this Court. By order dated September 26, 2017, the matter was transferred to the Fresno Division because venue is proper here. Petitioner is a federal prisoner challenging the confiscation of funds from his inmate trust account by the Bureau of Prisons to satisfy a restitution penalty. Because his claims are unexhausted, the Court will recommend the petition be **DISMISSED WITHOUT PREJUDICE**.

## **DISCUSSION**

On April 10, 2017, Petitioner was sentenced in the United States District Court for the District of South Carolina to a term of 384 months and one day, plus 5 years supervised release. (Doc. 1 at

1

10.[1]) In addition, he was ordered to pay a $500.00 special assessment fee and $1,125,550.00 in restitution. (Doc. 1 at 10.) He was designated to United States Penitentiary, Atwater, California, where he is currently serving his sentence. (Doc. 1 at 11.)

On August 29, 2017, the United States Attorney's Office contacted Warden Andre Matevousian and directed him to encumber Petitioner's prison trust account to satisfy the restitution penalty. (Doc. 1 at 17-18.) On September 9, 2017, the BOP released $5,091.00 from Petitioner's trust account, immediately payable under the Mandatory Victims Restitution Act. (Doc. 1 at 11.) Petitioner contends that the BOP lacks the authority to collect restitution, citing Ward v. Chavez, 678 F.3d 1042, 1051-52 (9th Cir. 2010), and Ybarra v. Smith, 2010 WL 5361833 (D. Az. 2010). (Doc. 1 at 13.) He asks that the funds be returned and that the BOP be directed not to collect funds to satisfy the restitution fine.

A. Exhaustion

It is well settled that federal prisoners must generally exhaust their federal administrative remedies prior to filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986) (per curiam) ("Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court."); see also Huang v. Ashcroft, 390 F.3d 1118, 1123 (9th Cir.2004); Fendler v. U.S. Parole Comm'n, 774 F.2d 975, 979 (9th Cir.1985). While the exhaustion requirement is not jurisdictional, its importance is well established. See Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990), *overruled on other grounds*, Reno v. Koray, 515 U.S. 50 (1995); see also Singh v. Napolitano, 649 F.3d 899, 900 (9th Cir.2011) (per curiam) (as amended) ("In order to seek habeas relief under section 2241 ... a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies.") (citation omitted); Castro–Cortez v. Immigration & Naturalization Serv., 239 F.3d 1037, 1047 (9th Cir.2001) ("[S]ection [2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.") (footnote

---

[1] Citations are to ECF pagination.

omitted), *abrogated on other grounds*, Fernandez–Vargas v. Gonzales, 548 U.S. 30 (2006). Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum." See Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir.1983) (per curiam). Use of available administrative remedies conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." Id. Moreover, it allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." Id.

Courts have discretion to waive the exhaustion requirement where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir.2004) (citation omitted); see also Acevedo–Carranza v. Ashcroft, 371 F.3d 539, 542 n. 3 (9th Cir.2004). A "key consideration" in exercising such discretion is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme." Laing, 370 F.3d at 1000 (quoting Montes v. Thornburgh, 919 F.2d 531, 537 (9th Cir.1990)).

B. BOP Exhaustion Procedures

The United States provides an "Administrative Remedy Program" through which a BOP inmate may "seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. § 542.10. In order to exhaust available administrative remedies within this system, an inmate must proceed through four levels of review.

"[B]efore an inmate submits a Request for Administrative Remedy," the inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue." 28 C.F.R. § 542.13(a). If the issue cannot be informally resolved within 20 calendar days from the date of the occurrence, the inmate may submit a formal written Administrative Remedy Request on the appropriate form ("BP-9") to the staff member designated to receive these requests, ordinarily a correctional counselor. 28 C.F.R. § 542.14. The Warden has 20 calendar days to respond to the BP–9, although this time period may be extended once by 20 days with written notice to the inmate. See 28 C.F.R. § 542.18.

| | |
|---|---|
| 1 | "An inmate who is not satisfied with the Warden's response may submit an Appeal on the |
| 2 | appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the |
| 3 | Warden signed the response." 28 C.F.R. § 542.15(a). Once the inmate files the BP–10, the Regional |
| 4 | Director has 30 calendar days to respond to the appeal, although this time period may be extended |
| 5 | once by 30 days with written notice to the inmate. See 28 C.F.R. § 542.18. |
| 6 | "An inmate who is not satisfied with the Regional Director's response may submit an Appeal |
| 7 | on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the |
| 8 | Regional Director signed the response." 28 C.F.R. § 542.15(a). Once the inmate files the BP–11, the |
| 9 | General Counsel has 40 calendar days to respond to the appeal, although this time period may be |
| 10 | extended once by 20 days with written notice to the inmate. See 28 C.F.R. § 542.18. Pursuant to 28 |
| 11 | C.F.R. § 542.15(a), an "[a]ppeal to the General Counsel is the final administrative appeal." Thus, the |
| 12 | administrative process is not complete until either (a) the General Counsel replies, on the merits, to the |
| 13 | inmate's BP–11, or (b) the time allotted for reply runs without the inmate receiving a response. See 28 |
| 14 | C.F.R. § 542.18. |
| 15 | In his petition, Petitioner states he has only filed an informal request for resolution. (Doc. 1 at |
| 16 | 2.) He concedes he has not proceeded further. (Doc. 1 at 3.) Thus, Petitioner has not exhausted his |
| 17 | administrative remedies by proceeding through the remaining three levels of administrative review. |
| 18 | Petitioner states he has not done so because it would be futile. (Doc. 1 at 3.) The Court is not |
| 19 | persuaded. Petitioner has only presented an informal request for resolution. He has not filed any |
| 20 | formal requests for relief with the BOP, and thus, he has not given any of the BOP's formal |
| 21 | administrative levels of review an opportunity to consider his claim. Thus, the BOP has never denied |
| 22 | him relief in reliance on official BOP policy. In addition, Petitioner has not given the BOP the |
| 23 | opportunity to review his claims in light of Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2010). |
| 24 | Accordingly, this Court concludes that excusing petitioner from seeking administrative review |
| 25 | would improperly encourage the deliberate bypass of the BOP's administrative review process. See |
| 26 | Laing, 370 F.3d at 1000. The use of the established administrative process for the petitioner's claim |
| 27 | would have provided the BOP with an opportunity to correct the alleged error and would promote |
| 28 | judicial efficiency by developing a factual record at the administrative level. Accordingly, the Court |

declines to excuse petitioner's failure to exhaust his administrative remedies and, therefore, recommends that the petition be dismissed for failure to exhaust.

**ORDER**

The Court b the Clerk of the Court to assign this case to a United States District Judge.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the instant petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten court days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 29, 2017**      **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE